IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH SMITH** : | **CIVIL ACTION** |
| Petitioner, : | |
| v. : | |
| **KENNETH R. CAMERON, THE DISTRICT** : | **NO. 08-3039** |
| **ATTORNEY OF THE COUNTY OF** : | |
| **PHILADELPHIA and THE ATTORNEY** : | |
| **GENERAL OF THE STATE OF** : | |
| **PENNSYLVANIA,** : | |
| Respondents. : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 13th day of February, 2009, upon consideration of the Petition for Writ of Habeas Corpus under to 28 U.S.C. § 2254, filed by petitioner, Keith Smith, the Response filed by Respondents, Petitioner's Reply, and the record in this case, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated January 30, 2009, Objection to Magistrate Judge Report and Recommendation, and respondent's Response to Petitioner's Objections, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated January 30, 2009, is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. The Objection to Magistrate Judge Report and Recommendation filed by petitioner is **OVERRULED**; and,

4.  A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**MEMORANDUM**

**I.    INTRODUCTION**

The facts of the case are detailed in the Report and Recommendation of United States Magistrate Judge Arnold C. Rapaport dated January 30, 2009, with which the Court agrees.  The Court writes at this time only to address the issue presented in the Objection filed by petitioner.

Petitioner was found guilty of first degree murder and related charges after a trial before a death-eligible jury in the Court of Common Pleas of Philadelphia County.  After a penalty phase hearing, the jury set the penalty for the first degree murder conviction at life imprisonment.  Petitioner was thereafter sentenced to life without the possibility of parole, and consecutive sentences of two and one-half to five years imprisonment for related crimes.  The conviction arose out of the killing of Clifton Walker on October 15, 1999.

**II.    DISCUSSION**

Petitioner's federal habeas petition was filed on June 27, 2008.  Liberally read, petitioner makes three claims in the Petition: (1) the Post-Conviction Relief Act ("PCRA") court's refusal to conduct an evidentiary hearing violated his due process rights; (2) counsel was ineffective in failing to investigate an alibi defense; and, (3) counsel was ineffective in failing to object to hearsay evidence regarding an argument between petitioner and his brother, Kelly Smith.

Petitioner's Objection is based on the argument that "the state court's adjudication that petitioner's claim that [trial] counsel was ineffective for failing to object to the hearsay evidence

regarding the argument [between petitioner and his brother, Kelly Smith] was not contrary to, or an unreasonable application of Supreme Court law" was "erroneous and unreasonable."  Report and Recommendation ("R&R") at 12-14.  Continuing, petitioner also claims that it was error for the magistrate judge to rely on the opinion of the Superior Court which stated, in part, that "even if counsel had raised a timely objection, admitting the evidence was not error under state law." *Id*. At 14.  It is petitioner's position that, without an evidentiary hearing, it was error for the magistrate judge to make that recommendation.

      This Court agrees with the Magistrate Judge.  It was not error for the state courts to make the rulings about which petitioner complains without an evidentiary hearing.  Contrary to what petitioner states in his Objection, it was entirely proper for the trial court to rule, and for the Superior Court to conclude, that defense counsel did not err in failing to object to the admissibility of the argument evidence because the evidence was admissible.  In making those rulings, it was not necessary to determine what trial counsel was thinking in not objecting to the evidence.

      Moreover, under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Corut fuled that, in evaluating a Sixth Amendment claims of ineffective assistance of counsel, a petitioner must show (1) that "counsel's performance was deficient,"which is measured by "reasonableness under prevailing professional norms;" and, (2) that counsel's "deficient performance prejudiced the defense." *Id*. at 687-90. If the evidence to which a defense attorney did not object is deemed admissible, and it was, there can be no prejudice to the defense.  In view of this analysis, there is no need he analyze the ineffective assistance of counsel standard under Pennsylvania law.

### III.     CONCLUSION

For all of the foregoing reasons, this Court approves and adopts the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated January 30, 2009, denies and dismisses with prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by petitioner, Keith Smith, without an evidentiary hearing, and overrules petitioner's Objection to the Report and Recommendation, and a determination that a certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

BY THE COURT:

/s/ Honorable Jan E. DuBois
JAN E. DUBOIS, J.